IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GARY COLLINS,<br>4501 E 105TH Street<br>Kansas City, MO 64137<br><br>    Plaintiff,<br><br>vs.<br><br>NIAGARA CREDIT SOLUTIONS, INC.<br>420 Lawrence Bell Drive, Suite 2<br>Williamsville, NY 14221<br><br>    Defendant. | Case No. 09-00296-CV-W-DW<br>Division No. |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

GARY COLLINS (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against NIAGARA CREDIT SOLUTIONS, INC., (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Missouri, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Kansas City, Jackson County, Missouri.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national company and conducts business in Missouri.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant calls from 716-632-1616.

13. Defendant is attempting to collect a debt Plaintiff does not owe.

14. Defendant calls Plaintiff at 816-763-3635 and hangs up without leaving messages.

15. Defendant's debt collector, Mr. Cain, called Plaintiff on March 30, 2009, and did not meaningfully disclose the caller's identity.

16. Defendant's debt collector, Mr. Cain, called Plaintiff on March 30, 2009, and did not state that the call was from a debt collector.

17. Defendant did not send Plaintiff a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   b. Defendant violated *§1692d(6)* of the FDCPA when Defendant placed telephone calls without meaningful disclosure of the caller's identity.

   c. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's alleged debt because Plaintiff does not owe this debt.

   d. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt when Defendant called Plaintiff and hung up without leaving a message.

   e. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt when Defendant attempted to collect a debt Plaintiff does not owe.

   f. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication is from a debt collector.

   g. Defendant violated *§1692f(1)* of the FDCPA by attempting to collect an amount

      from Plaintiff that is no authorized by the agreement or permitted by law because Plaintiff does not owe the debt.

    h. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

19. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit A).

WHEREFORE, Plaintiff, GARY COLLINS, respectfully requests judgment be entered against Defendant, NIAGARA CREDIT SOLUTIONS, INC., for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

21. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Actual damages,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

>RESPECTFULLY SUBMITTED,
>
>By: \_\_\_\_\_/s/ Patrick Cuezze\_\_\_\_\_
>Patrick Cuezze
>Attorneys for Plaintiff
>Krohn & Moss, Ltd.
>10635 Santa Monica Blvd., Suite 170
>Los Angeles, CA 90025

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, GARY COLLINS, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL 5

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSOURI

Plaintiff, GARY COLLINS, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, GARY COLLINS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_4-17-09_
Date

_/s/ Gary P. Collins_
GARY COLLINS

# **EXHIBIT A**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — **YES** / NO
4. Fear of answering the door — **YES** / NO
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — **YES** / NO
8. Feelings of hopelessness, pessimism — **YES** / NO
9. Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** / NO
11. Thoughts of death, suicide or suicide attempts — **YES** / NO
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — **YES** / NO
14. Negative impact on my job — **YES** / NO
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____

_____

_____

_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 4-17-09

Signed Name: *[signature]*

Printed Name: Garry R Collins